| | |
|---|---|
| LOEB & LOEB LLP<br>OLEG STOLYAR (SBN 229265)<br>astolyar@loeb.com<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, California 90067<br>Telephone: (310) 282-2000<br>Facsimile: (310) 282-2200 | THE ZORKIN FIRM<br>MICHAEL ZORKIN (SBN 313308)<br>MZ@thezorkinfirm.com<br>6320 Canoga Avenue, 15th Floor<br>Woodland Hills, California 91367<br>Telephone: (323) 493-8075<br>Facsimile: (323) 872-5251 |
| -and- | -and- |
| NOAH WEINGARTEN (Admitted *Pro Hac Vice*)<br>nweingarten@loeb.com<br>345 Park Avenue<br>New York, New York 10154<br>Telephone: (212) 407-4000<br>Facsimile: (212) 407-4990 | FOX ROTHSCHILD LLP<br>KEITH C. OWENS (SBN 184841)<br>kowens@foxrothschild.com<br>10250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067<br>Telephone: (310) 598-4150<br>Facsimile: (310) 556-9828 |
| *Attorneys for Appellee Foreign Representative* | *Attorneys for Debtor and Appellant Aleksandr Sabadash* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ALEKSANDR VITALIEVICH SABADASH,<br><br>         Debtor in a Foreign Proceeding. | Case No.: 23-bk-15574-NB<br><br>Hon. Neil Bason |
| ALEKSANDR VITALIEVICH SABADASH,<br><br>         Appellant,<br><br>v.<br><br>ALEXANDER IVANOVICH GAVVA,<br><br>         Appellee. | Case No. 24-cv-5445-CV<br><br>Hon. Cynthia Valenzuela<br><br>(Chapter 15 Bankruptcy Appeal) |

**JOINT CASE MANAGEMENT STATEMENT**

---

Alexander Ivanovich Gavva (the "Foreign Representative"), in his capacity as the duly appointed Financial Manager of the estate of Aleksandr Vitalievich Sabadash ("Sabadash" or the "Debtor"), and Mr. Sabadash jointly submit this *Joint Case Management Statement* pursuant to Paragraph 12 of the Court's *Reassignment Order* [Dkt. No. 33].

### a. The date the case was filed.

On August 29, 2024, the Foreign Representative commenced the underlying bankruptcy case pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") by filing with the United States Bankruptcy Code for the Central District of California (Bason, J.) (the "Bankruptcy Court"): (1) the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Dkt. No. 11 at FRA0001-25] (the "Recognition Petition") and (2) the *Foreign Representative's Application for Recognition of Foreign Main Proceeding, or in the Alternative, for Recognition of Foreign Nonmain Proceeding and Certain Related Relief* [Dkt. No. 11 at FRA0026-31] (the "Recognition Application").

The Recognition Petition and Recognition Application sought recognition of the Debtor's liquidation proceeding, Case No. A41-100887/19 (the "Russian Proceeding"), pending in the Russian Federation pending before the Arbitration Court of the Moscow Region (the "Russian Court") as a "foreign main" or, alternatively, as a "foreign nonmain" proceeding pursuant to, *inter alia*, 11 U.S.C. §§ 1502 and 1517.

### b. A list identifying or describing each party.

There are two parties in this action: (1) Appellee Alexander Ivanovich Gavva – *i.e.*, the Foreign Representative; and (2) Appellant Mr. Sabadash – *i.e.*, the Debtor in the Russian Proceeding.

**c.  A brief summary of all claims, counter-claims, cross-claims, or third-party claims.**

The only matter currently pending before the Bankruptcy Court or this Court is the Recognition Petition and Recognition Application, seeking recognition of the Russian Proceeding as a foreign main, or alternatively, as a foreign nonmain proceeding pursuant to Chapter 15 of the Bankruptcy Code. There are currently no adversary proceedings, or other claims, counter-claims, cross-claims, or third-party claims that are pending.

**d.  A brief description of the events underlying the action.**

On March 17, 2020, the Russian Court entered a judgment in the Russian Proceeding in favor of one of Debtor's creditors, Tavrichevsky Bank, which Judgment was subsequently supplemented on September 7, 2020, by a further award against Debtor and in favor of another of his creditors, IFC Capital. The Russian Court also declared: (i) the Debtor to be bankrupt; (ii) that the Debtor owed a specified amount to his creditors; and (iii) that a "Financial Manager" was entitled to collect that amount from Debtor for the benefit of his creditors, including Tavrichesky Bank and IFC Capital.

On February 22, 2022, the Russian Court appointed Mr. Gavva as the Financial Manager (*i.e.*, the Foreign Representative) of the Debtor's bankruptcy estate. Part of the duties of a financial manager under Russian law is to initiate legal proceedings to collect and recover a debtor's property, whether from the debtor himself or from third parties.

On July 8, 2022, the Foreign Representative filed a complaint against, *inter alia*, the Debtor in the Superior Court of the State of California for the County of Los Angeles (the "State Court") in the action captioned *Gavva v. Sabadash*, No. 22STCP02581 (the "State Court Action"), seeking, *inter alia*, recognition and enforcement of the judgment entered by the Russian Court. On March 21, 2023, the

Foreign Representative filed his First Amended Complaint ("FAC") in the State Court Action.

On August 10, 2023, the State Court entered a ruling, sustaining the Debtor's demurrer to the FAC with 20 days leave to amend. The State Court ruled that the Foreign Representative lacked standing to commence the State Court Action, without first obtaining recognition of a foreign proceeding under Chapter 15 of the Bankruptcy Code. Thus, the Foreign Representative commenced this Chapter 15 bankruptcy proceeding to, *inter alia*, obtain standing to prosecute the State Court Action and fulfill his duties as Financial Manager of the Debtor's bankruptcy estate.

**e     A description of the relief sought and the damages claimed with an explanation of how damages have been (or will be) computed.**

The sole relief that is sought from this Court is the Debtor's/Appellant's appeal from the Bankruptcy Court's Recognition Decision.

**f     The status of discovery, including any significant discovery management issues, as well the applicable cut-off dates.**

There is currently no discovery pending in this appeal or the proceedings pending before the Bankruptcy Court.

**g     A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, and any appellate proceedings that are pending or concluded.**

On June 21, 2024, the Bankruptcy Court entered the *Order Granting Foreign Representative's Motion for Recognition of Foreign Proceeding and Substantially Limiting Foreign Representative's Powers* [Dkt. No. 29 at FRA2311-2314] (the "Recognition Order"), pursuant to which, the Bankruptcy Court granted the Recognition Application, but limited the Foreign Representative's authority to take certain action absent further motion or application by the Foreign Representative and Order of the Bankruptcy Court.

On June 24, 2024, the Debtor filed the *Notice of Appeal and Statement of Election* [Dkt. No. 29 at FRA2315-2330, appealing from the Recognition Order to this Court].

On August 15, 2024, the Debtor/Appellant filed his *Brief of Appellant Aleksandr Vitalievich Sabadash*. *See* Dkt. No. 9.

On September 15, 2024, the Foreign Representative/Appellee filed his *Brief of Appellee Foreign Representative*. *See* Dkt. No. 10.

On September 30, 2024, the Debtor/Appellant filed his *Reply Brief of Appellant Aleksandr Vitalievich Sabadash*. *See* Dkt. No. 30.

No oral argument in this appeal has been scheduled.

**h.  A description of any other deadlines in place; before reassignment.**

There are no deadlines in place before reassignment. This appeal is fully submitted.

**i.  Whether the parties will consent to a magistrate judge for trial.**

This is inapplicable due to the nature of this bankruptcy appeal.

**j.  A statement from each parties' counsel indicating they have (1) discussed the magistrate judge consent program with their respective client(s), and (2) met and conferred to discuss the consent program and selection of a magistrate judge; and**

This is inapplicable due to the nature of this bankruptcy appeal.

**k.  Whether there is an immediate need for a scheduling conference and, if so, why the parties believe such a need exists.**

There is no immediate need for a scheduling conference.

| | |
|---|---|
| Dated:  Los Angeles, California<br>February 20, 2025 | LOEB & LOEB LLP<br><br>By: /s/ Oleg Stolyar<br>OLEG STOLYAR (SBN 229265)<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, California  90067<br>Tel.: (310) 282-2000<br>astolyar@loeb.com<br><br>-and-<br><br>NOAH WEINGARTEN (Admitted *Pro Hac Vice*)<br>345 Park Avenue<br>New York, New York 10154<br>Tel.: (212) 407-4000<br>nweingarten@loeb.com<br><br>*Attorneys for Appellee*<br>*The Foreign Representative* |
| Dated:  Woodland Hills, California<br>February 20, 2025 | THE ZORKIN FIRM<br><br>By: /s/  Michael Zorkin<br>Michael Zorkin (SBN 313308)<br>6320 Canoga Avenue, 15th Floor<br>Woodland Hills, California 91367<br>Tel.: (323) 493-8075<br>MZ@thezorkinfirm.com<br><br>-and-<br><br>FOX ROTHSCHILD LLP<br>Keith C. Owens (SBN 184841)<br>10250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067<br>Tel.: (310) 598-4150<br>Email: kowens@foxrothschild.com<br><br>*Attorneys for Debtor and Appellant Aleksandr Sabadash* |

240835514

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations